**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1508
_____

ALVIANETTE GIBSON-KENNEDY,
On Behalf of Lillian R. Gibson, "Alleged Incapacitated"

v.

MR. ROBERT M. SLUTSKY, ESQ.; MS. DIANE ZABONSKI, ESQ.; MS. KALPANA
DASHI, LCSW; MS. TIVIA OLSEN; FIRST NIAGARA BANK; ANNE WHITE, CPA;
JILL PAYNE, MCAAS; NAVY FEDERAL CREDIT UNION

ALVIANETTE GIBSON-KENNEDY;
*LILLIAN R. GIBSON,**
Appellants

(*Pursuant to Fed. R. App. P. 12(a))
(**Dismissed pursuant to Court Order dated October 7, 2014)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:13-cv-04324)
District Judge: Honorable Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2016

Before: CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed: May 24, 2016)

_____

OPINION*

_____

PER CURIAM

Alvianette Gibson-Kennedy ("Appellant") appeals pro se from the District Court's order dismissing her amended complaint. For the reasons that follow, we will affirm that order.

I.

In 2013, the Court of Common Pleas of Montgomery County, Pennsylvania, adjudged Lillian Gibson (Appellant's mother) to be totally incapacitated and appointed Kalpana Doshi to serve as Gibson's legal guardian. Appellant's various efforts to challenge that ruling in state court have been unsuccessful. Shortly after the Court of Common Pleas issued its decision, Appellant, purporting to act on her mother's behalf, filed a pro se civil action in the District Court. Appellant's amended complaint, brought against Doshi and several other defendants,[1] alleged, inter alia, that Gibson had been "false[ly] accused" of having diminished capacity. The relief sought in the amended complaint included, inter alia, the restoration of Gibson's "[p]ersonhood."

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The correct spellings of some of the defendants' names differ from the spellings listed in the District Court and appellate case captions.

2

The defendants moved to dismiss the amended complaint on several grounds. Two of those grounds were as follows: (1) Appellant does not have standing to assert claims on Gibson's behalf; and (2) Appellant is not permitted to appear pro se on Gibson's behalf in federal court.[2] On January 29, 2014, the District Court, relying on those two grounds, granted the defendants' motions, dismissed the amended complaint with prejudice, and closed the case. This timely appeal followed.[3]

## II.

Although we construe pro se submissions liberally, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), pro se litigants generally "must abide by the same rules that apply to all other litigants," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013). One such rule is that an appellant's opening brief discuss the issues being appealed. See Fed. R. App. P. 28(a). As we have previously explained, "[a]n issue is waived unless a party raises it in [her] opening brief, and for those purposes a passing

---

[2] The District Court did not reach the defendants' other grounds for dismissal, and we need not discuss those grounds here.

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Although Appellant was the lone plaintiff in this case, her notice of appeal listed herself *and* Gibson as the parties filing this appeal. However, as we explained in our October 7, 2014 and May 12, 2015 orders, Gibson is not actually a party to this appeal. On March 20, 2016, Appellant moved to stay this appeal in light of Gibson's death in February 2016 and state court proceedings that either are pending or could commence in the future. Appellant argues that the appeal should be stayed "until such time as [Gibson's] estate can refile under counsel and as appropriate to move forward." (Mot. to Stay 2.) The Appellees oppose this motion, arguing that nothing therein bears on the lone issue in this appeal: whether the District Court correctly concluded that Appellant could not proceed on Gibson's behalf. We agree with the appellees and hereby deny Appellant's stay motion.

3

reference to an issue will not suffice to bring that issue before this court." Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (internal quotation marks omitted); see Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se appeal).

In this case, Appellant has filed a 21-page appellate brief. Even construed liberally, this rambling and disjointed filing makes no attempt to discuss why the District Court's dismissal order should be disturbed. Instead, the brief alleges facts and makes arguments that appear to relate to the various state court proceedings — proceedings that are not on review here. Additionally, Appellant appears to use her brief as a vehicle for raising claims on her own behalf; however, those claims were not before the District Court and, therefore, may not be considered here. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011). Because Appellant's brief has not preserved any argument that bears on the District Court's decision to dismiss her amended complaint, we deem her challenge to that order waived. We note that even if we were to abstain from invoking the waiver doctrine and reach the merits of this appeal, Appellant still would not be entitled to relief. For substantially the reasons provided by the District Court, we agree with its dismissal of Appellant's amended complaint.

In light of the above, we will affirm the District Court's order. To the extent that Appellant's brief requests appointment of counsel, a writ of habeas corpus, and/or any other relief from this Court, those requests are denied.